(April 1, 1892.)

# SPOKANE AND PALOUSE RAILWAY COMPANY v. LIEUALLEN.

[29 Pac. 854.]

CONDEMNATION OF LAND—MEASURE OF DAMAGES—TRUE BASIS TO ESTIMATE DAMAGES.—1. In proceedings for the condemnation of land for railroad purposes under the statutes of Idaho, the value of the land at the time it is taken is the measure of damages, and it is error to admit evidence of value at time of trial; where, however, one witness stated the basis of his estimate of damages to be the value of land at the time of the trial, and several others stated that their estimate was based upon the value at the time of the taking, and the court repeatedly charged the jury that the value of the property at the time of the taking was the true basis, the refusal of the court to strike out the testimony of such first witness held not to be reversible error.

WHAT PAID TO OWNERS OF ADJACENT LAND.—2. It is error to estimate damages, in such a case, upon what has been paid by the corporation, seeking the condemnation of land, to owners of adjacent property.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Hyde, McBride & Allen and Forney & Tillinghast, for Appellant.

The value of the land at the date of the summons, and not the present value, must be taken in determining the value by the jury. (*Railroad Co. v. Mayne,* 83 Cal. 566, 23 Pac. 522; *Railroad Co. v. Kimball,* 61 Cal. 91; *Tehama Co. v. Bryan,* 68 Cal. 57, 8 Pac. 673.)

James W. Reid, for Respondent.

Improper admission of evidence, to justify reversal of judgment, must appear to have injuriously affected the party objecting to its admission. (*Latterett v. Cook,* 1 Iowa, 1, 63 Am. Dec. 428; *Barton v. Kane,* 17 Wis. 38, 84 Am. Dec. 728; *Kisling v. Shaw,* 33 Cal. 425, 91 Am. Dec. 645; *Ripon v. Bittel,* 30 Wis. 620.) Error in admitting evidence, if same result must have been reached had the evidence been excluded, is no ground of reversal. (*Rockhill v. Spraggs,* 9 Ind. 30, 68 Am. Dec. 607;

*Sims v. Boynton,* 32 Ala. 353, 70 Am. Dec. 540; *Ganson v. Madigan,* 15 Wis. 144, 82 Am. Dec. 659.) Judgment will not be reversed by reason of improper admission of testimony if the facts sought to be proven by such testimony had been clearly established by other evidence. (*Spencer v. Railroad Co.,* 17 Wis. 487, 84 Am. Dec. 758.)

HUSTON, J.—Plaintiff, a railroad corporation organized under the laws of the state of Washington, brings this action to condemn certain real estate situate in Latah county, state of Idaho, belonging to defendant, for railroad purposes. The action is brought under the provisions of title 7 of the Revised Statutes of Idaho. Complaint was filed and summons issued on September 26, 1890. Answer filed February 2, 1891. The only issue raised by the pleadings is the amount of damages assessable against plaintiff corporation for the land sought to be condemned. The cause was tried before a jury at the June term, 1891, of the district court for Latah county. Verdict and judgment for the defendant for $900. Motion for new trial overruled, and appeal by plaintiff from both order and judgment. Section 5220 of the Revised Statutes of Idaho provides that "the court, jury, or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess (1) the value of the property sought to be condemned, and all improvements thereon pertaining to the realty," etc.; "(2) if the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvements in the manner proposed by the plaintiff; (3) separately, how much the portion not sought to be condemned, and each estate or interest therein, will be specially and directly benefited, if at all, by the construction of the improvement proposed by the plaintiff," etc.; "(4) if the property sought to be condemned be for a railroad, the cost of good and sufficient fences along the line of such railroad, and the cost of cattle-guards, when fence may cross the line of such railroad; (5) as far as practicable, compensation must be assessed for each source of damages sep-

arately." Section 5221 provides: "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value, at that date, shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected, in all cases when such damages are allowed, as provided in the last section," etc. The jury rendered the following verdict: "1. We find that the value of the property sought to be condemned, and all improvements thereon pertaining to the realty, is the sum of six hundred dollars. 2. We find that the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned and the construction of the railway in the manner proposed by the plaintiff, amount to three hundred dollars. 3. We find that the portion not sought to be condemned will be specially and directly benefited by the construction of the railway proposed by the plaintiff in the sum of ———— dollars."

Several witnesses were examined on the part of plaintiff and defendant as to the value of the property sought to be condemned, and the damages. The testimony is conflicting, the witnesses varying in their estimates from $300 or $400 to $2,000. It is urged by appellant, as a ground for reversal, that one of the witnesses for defendant, upon his cross-examination, testified that he based his estimate of damages upon the present value of the property, while the statute fixes the value of the property at the time it was taken as the rule. We think the court erred in allowing this testimony to stand against the plaintiff's motion to strike it out, but we think such error was rendered harmless by the reiterated charge of the court to the jury that they were to find from the evidence the value of the property on September 27, 1890, the time of the taking. It is also objected by appellant that one Campbell, a witness on the part of the plaintiff, upon cross-examination, stated that the basis of his estimate of damages was that the plaintiff corporation had allowed $800 for right of way over property adjacent to that of defendant, and that he considered the damage of defendant double that of the party to whom the $800 was allowed. But an examination of the record shows that this was

only one of various grounds upon which this witness based his estimate of damages, and, while we think it would have been eminently proper for the court to have stricken out that part of the witness' testimony wherein he gave as one basis of his estimate of damages the price paid by the plaintiff corporation to another party, still the rest of his testimony must stand, and that would fully support the finding of the jury, corroborated, as it was, by the testimony of several other witnesses. From a careful consideration of the record we are satisfied that there is not such error shown therein as would justify this court in reversing the judgment. Judgment of district court is affirmed, with costs to the respondent.

Sullivan, C. J., and Morgan, J., concur.