282 P.2d 1044

John G. MATIEVITCH, Appellant,

v.

HERCULES POWDER COMPANY, a corporation, Respondent.

No. 8281.

Supreme Court of Utah.

May 2, 1955.

284

Lothaire R. Rich, Salt Lake City, for appellant.

Calvin Behle, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a summary judgment awarded under Rule 56 in favor of defendant, which judgment was predicated on a determination that the pleadings and the admissible facts as related by affiants competent to testify thereto, presented no genuine issue as to any material fact and that defendant was entitled to a judgment as a matter of law. Affirmed. Costs to respondent.

Plaintiff was employed by a cement company as a powder man and was injured when a cap and stick of dynamite of defendant's manufacture exploded as he placed them in a drilled hole. There was no evidence as to how or why they exploded, none as to when or how either of them was manufactured, and none as to how or by whom they had been handled or treated prior to their use, except as plaintiff himself handled them (whether carefully or not) in a manner other than as recommended by instructions which accompanied the containers in which they were packaged.

Plaintiff urges that the doctrine of res ipsa loquitur is applicable under the circumstances recited. We cannot agree.

To do so would be to impose absolute liability and insurability upon manufacturers of explosives and perhaps most any other commodity. To do so would be to extend the fact or fiction of control necessary to invoke the doctrine to an unreasonable, impractical and unrealistic degree, where mere injury could dispense with plaintiff's burden of proving a defendant's negligence, even where it would be impossible for defendant to show freedom therefrom. We never have presumed to extend the doctrine to such an area, and prefer to adhere to the principles enunciated in 22 Am.Jur. 212, Sec. 95 to the effect that the mere happenstance of an explosion does not create a presumption of negligence and where it is further stated at p. 213 in language quite applicable to the facts of this case, that:

 "The rule of res ipsa loquitur does not apply in explosion cases unless the thing that exploded was in the exclusive control of the defendant who is to be made liable; and where either one of two persons, wholly independent of each other, may be responsible for an injury, the case is one for affirmative proof and not for presumption. If causes other than the negligence of the defendant might have produced the accident, the plaintiff is bound to exclude the operation of such causes by a fair preponderance of the evidence."

Plaintiff's brief on appeal seems to suggest that he was prevented by the trial court from producing or proffering additional evidence. A search of the record reflects no such proscription.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.