## PERLMUTTER ET AL. *v.* STATE ROADS COMMISSION OF MARYLAND

[No. 67, September Term, 1970.]

*Decided October 15, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Garland E. Lowe,* with whom was *Hal Lackey* on the brief, for appellants.

*Carl Harrison Lehmann,* with whom were *Francis B. Burch, Attorney General, Joseph D. Buscher, Special As-*

*sistant Attorney General,* and *James E. Fannon, Jr., Special Attorney,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

The Perlmutters, dissatisfied with a verdict of $46,878 awarded by a Prince George's County jury on an inquisition in the condemnation of 6.681 acres for the construction of Maryland Route 197, would have us reverse the judgment because the trial judge excluded the testimony of an expert witness regarding the price paid by the State Roads Commission for adjoining property acquired for the same project.

We shall affirm. Certainly since *Bonaparte v. Mayor & City Council of Baltimore,* 131 Md. 80, 101 A. 594 (1917) it has been settled that the price paid for comparable property acquired under threat of condemnation is not admissible as evidence of fair market value of other property because a sale under threat of condemnation is not a voluntary one. This appears to be the rule adopted by a majority of other jurisdictions. See 4 *Nichols on Eminent Domain,* § 12.3113 (1) (3d ed. 1962) at 106 and cases there collected and 2 *Lewis on Eminent Domain,* § 667 (3d ed. 1909) at 1147. It is also consistent with the statutory definition of fair market value which appears in Maryland Code (1957, 1967 Repl. Vol.) Art. 33 A § 6:

> "The fair market value of property in a proceeding for condemnation shall be the price as of the valuation date for the highest and best use of such property which a seller, willing but not obligated to sell, would accept for the property, and which a buyer, willing but not obligated to buy, would pay therefor excluding any increment in value proximately caused by the public project for which the property condemned is needed, plus the amount, if any, by which such price reflects a diminution in value occurring between the effective date of legislative authority

for the acquisition of such property and the date of actual taking if the trier of facts shall find that such diminution in value was proximately caused by the public project for which the property condemned is needed, or by announcements or acts of the plaintiff or its officials concerning such public project, and was beyond the reasonable control of the property owner."

The rationale of *Bonaparte* was followed in *Marchant v. Mayor & City Council of Baltimore,* 146 Md. 513, 126 A. 884 (1924) and has been inferentially adopted by a long line of cases which hold that evidence of comparable sales is admissible only if the sales are voluntary. See, for example, *Hance v. State Roads Comm'n,* 221 Md. 164, 174, 156 A. 2d 644 (1959) and *Pumphrey v. Tabler,* 175 Md. 498, 506, 2 A. 2d 668 (1938). In fact, voluntariness has been recognized as an essential ingredient of comparable sales, beginning with *Mayor & City Council of Baltimore v. Smith & Schwartz Brick Co.,* 80 Md. 458, 473, 31 A. 423 (1895), the first case to hold that such evidence was admissible. Compare *Goodman v. State Roads Comm'n,* 251 Md. 727, 731, 248 A. 2d 796 (1969).

The appellants argue that we should adopt the other rule, that a sale to a condemnor ought not to be excluded as a matter of law if it could be shown to the satisfaction of the trial court that the sale was a voluntary one, free of any element of compulsion, relying primarily on *Curley v. Jersey City,* 83 N.J. 760, 85 A. 197 (1912) ; *Eames v. Southern New Hampshire Hydro-Electric Corp.,* 85 N.H. 379, 159 A. 128 (1932) and on *Amory v. Commonwealth,* 321 Mass. 240, 72 N.E.2d 549 (1947), which modified *Cobb v. Boston,* 112 Mass. 181 (1873), relied on by our predecessors in *Bonaparte.*

Since *Bonaparte* has been the settled law of this State for more than 50 years, we are not persuaded that it should be changed now, *State v. Ferling,* 220 Md. 109, 151 A. 2d 137 (1959). For this reason we need not reach the appellee's second point, that there was no formal proffer

of what the testimony of the Perlmutters' expert would have been.

> *Judgment affirmed, costs to*
> *be paid by appellants.*