523 P.2d 536

**Blaine HARPER, Plaintiff-Respondent,**

v.

**Robert L. HOFFMAN, Defendant-Appellant.**

**No. 11351.**

Supreme Court of Idaho.

June 12, 1974.

Rehearing Denied July 10, 1974.

Marcus & Marcus, Boise, for defendant-appellant.

Brauner, Fuller & Doolittle, Caldwell, for plaintiff-respondent.

McQUADE, Justice.

This action arises out of a collapse of a basement wall which occurred while the defendant-appellant, Robert L. Hoffman, was filling a trench with dirt next to the wall. The plaintiff-respondent, Blaine Harper, was building a house and employed the appellant to dig the basement. After the basement area was excavated, the respondent constructed the walls of the basement. Subsequently, the appellant returned at the request of the respondent to put in garage footings. It was determined that before the garage footings could be placed, some of the dirt surrounding the basement pit would have to be moved. There was a three foot wide trench between the basement walls and the edge of the basement pit, and the basement walls were free-standing with no braces between them. The appellant began to push dirt into the trench with his "backhoe," and the respondent started work on another section of the wall out of sight of the appellant. After appellant pushed dirt into the trench, the basement wall collapsed.

The respondent filed an action in which he specifically alleged that the appellant "allowed the backhoe to come into contact with the foundation of the plaintiff's building in such a manner as to cause the foun-

dation to collapse" and he generally alleged, "that the said damage to plaintiff's building foundation was directly caused by the defendant's negligent operation of his said equipment." The action was tried before the trial court without a jury and a judgment was entered for the respondent. This appeal is from the findings of fact, conclusions of law and judgment.

The trial court's conclusions of law stated in part,

"That the evidence presented at the trial of this cause supports the application by the Court of the doctrine of res ipsa loquitur and the presumption arising from the application of said doctrine was not rebutted."

The appellant contends that the trial court erred in applying the doctrine of res ipsa loquitur.

 The doctrine of res ipsa loquitur is a means of establishing negligence through circumstantial evidence.[1] The doctrine of res ipsa loquitur is applied when two elements co-exist: (1) the agency or instrumentality causing the injury was under the exclusive control and management of the defendant; and (2) the circumstances were such that common knowledge and experience would justify the inference that the accident would not have happened in the absence of negligence.[2] The only function of res ipsa loquitur is to replace direct evidence of negligence with a permissive inference of negligence:

"It furnishes circumstantial evidence of defendant's negligence where direct evidence may be lacking. The burdens of proof of the parties remain the same —the plaintiff, with the aid of the infer-

1. W. Prosser, Torts § 39 at 211 (4th ed. 1971); Restatement (Second) of Torts § 328D (1965).

2. S. H. Kress & Company v. Goodman, 95 Idaho 614, 515 P.2d 561 (1973); Blackburn v. Boise School Bus Company, 95 Idaho 323, 508 P.2d 553 (1973); Whitt v. Jarnagin, 91 Idaho 181, 418 P.2d 278 (1966); Flowerdew v. Warner, 90 Idaho 164, 409 P.2d 110 (1965).

ence, must prove his case by a preponderance of the evidence; if the plaintiff presents sufficient evidence to get to the jury, the defendant is obligated to produce evidence to explain or rebut plaintiff's prima facie case. If he fails to do so, he will in most instances suffer a verdict against him. In all cases, however, the preponderance of the plaintiff's evidence is a question for the trier of facts." (Citations omitted).[3]

Although the trial court erred in holding that the doctrine of *res ipsa loquitur* created a presumption of negligence rather than an inference of negligence, it was not reversible error since there was substantial evidence to support the application of the doctrine which was not explained or rebutted by the appellant.

■ Having determined that the appellant was negligent in his operation of the backhoe, the next question for the trial court was whether the negligence breached a duty owed to the respondent.[4]

"Every person has a general duty to use due or ordinary care not to injure others, to avoid injury to others by any agency set in operation by him, and to do his work, render services or use his property as to avoid such injury." (Citations omitted).[5]

The trial court correctly held that the appellant had a duty of due care and a duty to perform the excavation work in a workmanlike manner.

■ In an action for damages alleged to be caused by negligence, the plaintiff has the burden of proof on the separate issues of negligence and proximate cause.[6] The findings of fact by the trial court were in error because they did not hold that the appellant's negligence was the proximate cause of the collapse of the wall. The error was corrected by the trial court's amended findings of fact which held that the appellant's negligence was the proximate cause of the collapse of the wall.

■ Although not raised by the parties, there is a further question in this action concerning the pleadings. The respondent's complaint alleged specifically that the appellant's backhoe hit the wall causing it to collapse, and it alleged generally that the wall collapsed because of the appellant's negligence. There is a division among the states of whether *res ipsa loquitur* is available when specific acts of negligence are plead.

"No less than four positions have been taken by the courts: that the plaintiff by his specific allegations has waived or lost his right to rely on the doctrine; that he may take advantage of it if the inference of negligence to be drawn supports the specific allegations; that it may be applied only if the specific pleading is accompanied by a general allegation of negligence; and that it is available without regard to the form of the pleading." [7]

The better rule of law appears to be that which permits the plaintiff to allege both general and specific negligence and still be allowed to use the doctrine. This rule gives the defendant notice of the possible use of *res ipsa loquitur,* and it allows all the material and relevant evidence on the issue of negligence to be presented to the trial court. It is also consistent with the

---

3. Skaggs Drug Centers Inc. v. City of Idaho Falls, 90 Idaho 1, 8, 407 P.2d 695, 698 (1965). *See also:* Straley v. Idaho Nuclear Corporation, 94 Idaho 917, 500 P.2d 218 (1972); Whitt v. Jarnagin, supra, note 2.

4. W. Prosser, *supra*, note 1, at 226; Restatement (Second) of Torts § 328D(1)(c) (1965).

5. Whitt v. Jarnagin, *supra*, note 2, at 188, 418 P.2d at 285.

6. Curtis v. Dewey, 93 Idaho 847, 475 P.2d 808 (1970); Dreyer v. Zero Refrigeration Lines, Inc., 92 Idaho 83, 437 P.2d 355 (1968).

7. W. Prosser, *supra*, note 1, at 232. See also: Niles, Pleading Res Ipsa Loquitur, 7 N.Y.U. L.Rev. 415 (1930) Notes, 27 Ford.L.Rev. 411 (1958); 29 Mo.L.Rev. 382 (1964).

rule that the pleadings "shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." [8]

■ The appellant's other assignments of error all deal with the findings of fact by the trial court. Findings of fact based upon competent though conflicting evidence will not be disturbed on appeal unless they are clearly erroneous.[9] There is substantial evidence to support the trial court's findings of fact and conclusions of law.

Judgment affirmed. Costs to respondents.

SHEPARD, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.

8. I.R.C.P. 1.

9. DeAtley Corporation v. Otto, 95 Idaho 586, 513 P.2d 638 (1973); Baker v. Ore-Ida Foods, Inc., 95 Idaho 575, 513 P.2d 627 (1973); Ridley v. VanderBoegh, 95 Idaho 456, 511 P.2d 273 (1973).