575 P.2d 486

The STATE of Idaho ex rel. Carl C. MOORE, Lloyd F. Barron and Roy I. Stroschein, Idaho Board of Highway Directors, Plaintiffs-Appellants,

v.

Arlon BASTIAN and Una Bastian, husband and wife, Defendants-Respondents,

Albertson's, Inc., and Travelers Insurance Company, Defendants.

No. 12480.

Supreme Court of Idaho.

Feb. 28, 1978.

Wayne L. Kidwell, Atty. Gen., Anton J. Hohler, Legal Counsel, Idaho Transp. Dept., Boise, for plaintiffs-appellants.

Lloyd J. Webb of Webb, Burton, Carlson & Pedersen, Twin Falls, for defendants-respondents.

SHEPARD, Chief Justice.

This is an appeal taken by the State from that portion of a judgment in an eminent domain action awarding $333,000 plus interest to the landowners condemnees. On a previous appeal, the cause was reversed and remanded for a new trial. *State ex rel. Moore v. Bastian*, 97 Idaho 444, 546 P.2d 399 (1976). On remand the State reached a settlement with the lessee of the land in question. Upon retrial and this second appeal there is involved only the compensation due the fee owners, the Bastians, defendants below and respondents here. Upon remand, a new trial before a jury was had resulting in the award to the Bastians which is the subject of this appeal.

The Bastians' property is located at the intersection of Washington and Addison streets in Twin Falls, Idaho. The property is also bounded by Adams Street and by an alley. The State condemned a strip of land along two sides of this property, to wit: 11 feet wide and 160 feet long on the Washington Street side and 21 feet wide and 280 feet long on the Addison Street side. The total take was 8,446 square feet as contrasted with the 44,388 square feet of the Bastian property before the taking. At the time of the taking a building was situated on the property which was leased to Albertson's, a multi-state supermarket chain operation. At the time of the taking, the Bastian property included off-street parking for customers using that supermarket and an off-street loading area which was adequate for the delivery of goods needed and used in the supermarket's operation. Insofar as demonstrated from the record, the use to which the property was put prior to the taking conformed to the zoning requirements and ordinances of the City of Twin Falls. Prior to trial and upon a motion for partial summary judgment, the trial court held that following the taking of the property it would not be possible to make deliveries to the building on its Adams Street side. To do so would necessitate on-street loading which would violate a zoning ordi-

nance of the City of Twin Falls prohibiting on-street delivery.

The appellants contend that the trial court erred in granting partial summary judgment. Appellants contend first that the affidavits filed in support of the summary judgment were defective, and secondly, that the summary judgment procedure was inappropriate since it decided an evidentiary matter, i. e., since it was held that on-street loading was prohibited by the local zoning ordinance, no evidence would be admitted at trial as to the feasibility of on-street deliveries to the building. We find it unnecessary to decide the sufficiency of the affidavits since the trial court here decided a pure question of law by construing the local zoning ordinance as to whether it forbids on-street delivery. The effect of that decision was solely to simplify the issues for trial and is the type of pretrial decision contemplated by I.R.C.P. 16(a). While there may have been error in characterizing what was in effect a request for a pretrial order as a motion for partial summary judgment, we find no error if the trial court correctly construed the zoning ordinance.

It is clear that the business conducted on the property in question is within the zoning designation "CL." Twin Falls City Code at page 511. Section 5(c), page 522, of the Twin Falls City Code provides that each commercial use in Zone CL "shall provide an adequate off-street loading and unloading space." The negative pregnant of that language is that on-street loading is not to be permitted. The record herein indicates that the taking eliminated the property's only practical off-street loading space. We therefore conclude that the trial court's order of partial summary judgment, which we construe here as a pretrial order, was a correct interpretation of the local zoning ordinance. The court at trial correctly declined to permit appellant to introduce evidence showing it would be feasible to make on-street deliveries.

Appellants assign as error the capitalization of annual rentals accruing after

October 29, 1973, which was the time of the taking and, hence, the time as of which the property was to be valued. I.C. § 7–712. See State ex rel. Moore v. Bastian, supra. If error occurred in the admission of evidence in that regard, it was, we believe, cured by instructions 4, 11 and 16 which explicitly directed the jury to determine value as of October 29, 1973, and we will not assume that those express instructions were ignored by the jury. Spokane & Palouse Ry. v. Lieuallen, 3 Idaho 381, 29 P. 854 (1892).

Appellants contend the trial court erred in permitting the defendant landowners to amend their complaint at the conclusion of the defendants' case-in-chief. That amendment was sought to conform the prayer for relief to the evidence already adduced. The State argues that there was no evidence to support the increase in the prayer since the testimony of no one witness supported an award in the increased amount. In substance, appellants claim that an award, if it is to be upheld, must be within the parameters set by some one witness' testimony as to the before and after value. We are cited to no authority so holding and decline to so rule. The jury is at liberty to pick the upper and lower estimates it wishes from among those estimates testified to by competent witnesses. Big Lost River Irr. Dist. v. Zollinger, 83 Idaho 401, 363 P.2d 706 (1961); see also Mann v. Safeway Stores, Inc., 95 Idaho 732, 518 P.2d 1194 (1974); State ex rel. Rich v. Sweet, 82 Idaho 191, 351 P.2d 230 (1960).

The State next assigns error to the form of the special verdict. It is asserted that although the special verdict conformed with the applicable statute, I.C. § 7–711, the verdict also erroneously contained a space for the jury to indicate its total award. Section 7–711 requires the jury, when it is practical to do so, to separately state the compensation due for the property actually taken and for the damage caused by the severance to the land remaining after the taking. We deem it more than happenstance that the total amount indicated by the jury corresponded to the total of the

two amounts set forth in accordance with the statute. Appellants argue that allowing the jury to state its total award necessarily resulted in confusion of the jury and was erroneous as a matter of law. No authority is cited for that proposition and we disagree.

Appellants' next assignment is that the jury award of $32,500 for that portion of the property actually taken is unsupported. It is clear from the record that there was considerable conflict as to the value of the overall tract on a square footage basis. Given the configuration of the property actually taken as being somewhat in the shape of a boomerang with a maximum width of 21 feet and bounded by two intersecting streets, it is rather clear that the property taken had no marketable value apart from its proportionate value, expressed in dollars per square foot, as part of the whole property whose highest and best use was for a supermarket retail outlet. The owner is entitled, of course, to be compensated for the highest and best use to which the property might be put. We find support in the record for the conclusion that the property as a whole before taking was worth $4.00 per square foot. The property taken therefore was worth $4.00 per square foot. The total take was 8,446 square feet. Valued at $4.00 per square foot, the evidence would have authorized a jury award of $33,784 for the land taken. In fact, the jury awarded $32,500. Its verdict being within and supported by the evidence, it will not be disturbed here on appeal. Hence, we find no error.

We have considered the appellants' other arguments including the retroactive effect of I.C. § 67–6527 and find them to be without merit. The judgment of the trial court including the $1,000 remittitur contained therein is affirmed. Costs to respondents.

No attorney's fees allowed on appeal.

McFADDEN, DONALDSON, BAKES and BISTLINE, JJ., concur.