597 P.2d 595

Marvin CHRISTENSEN,
Plaintiff-Appellant,

v.

Donald POTRATZ,
Defendant-Respondent,

and

Monte's Trailer Sales and Carl A. Krah,
dba Whee-Go Custom Built Campers
and Trailers, Defendants.

No. 12600.

Supreme Court of Idaho.

July 13, 1979.

Howard L. Armstrong, Jr., Pocatello, for plaintiff-appellant.

W. Marcus Nye of Racine, Huntley & Olson, Pocatello, for defendant-respondent.

WALTERS, Judge Pro Tem.

This matter is before the Court upon appeal from a final order entered by the trial court granting summary judgment in favor of the respondent Donald Potratz, dismissing appellant's complaint against the respondent.

The appellant filed suit claiming recovery for personal injuries and property damage suffered by him on October 13, 1972, when a camper belonging to the respondent Potratz and attached to respondent's pickup exploded while the appellant was inside the camper. The appellant and the respondent were on a hunting expedition together northwest of Challis, Idaho, at the time of the explosion.

The suit was filed against the respondent alleging:

"That on or about the 13th day of October, 1972, the Plaintiff, as a guest and an invitee of the Defendant Donald Potratz, and while Plaintiff was in the above referred to camper as a hunting companion of the Defendant Donald Potratz, and without fault on the part of the Plaintiff, and through the carelessness, negligence or disregard of the Defendant for the safety of his guest, the Plaintiff was severely injured as the result of a gas explosion in said camper, which caused the Plaintiff to be hurled to the outside of the camper, causing burns upon his body and severely injuring his arms and face."

Named in the suit also as defendants in other counts of the complaint were the parties who manufactured the camper and who sold it to Potratz. These other named defendants are not parties to this appeal.

After the depositions of both appellant and respondent were taken in the course of discovery proceedings in the suit, the respondent moved for summary judgment seeking dismissal of the appellant's complaint upon the ground that there was no genuine issue of material fact and that the respondent was entitled to judgment as a matter of law. The motion was presented and argued upon the theory that the appellant could not make a case for application of res ipsa loquitur, based upon the depositions and pleadings.

The only evidence presented in respect to the motion for summary judgment was by way of the depositions of the parties. A review of the pleadings and those depositions discloses no question regarding the credibility of the deponents nor any reason why the testimony of either of them should be accorded any different weight than that accorded to the other; nor are we directed to any materially conflicting inferences that could be drawn therefrom. See *Merrill v. Duffy Reed Construction Co.*, 82 Idaho 410, 353 P.2d 657 (1960).

The evidence presented by way of these depositions demonstrates that the respondent purchased a used camper in August, 1972, and it was installed on the box of his pickup some fifty-eight days before the explosion. The camper was equipped with a space heater or furnace, a three burner stove, an ice box, cabinets, a water tank and a hand operated pump on the water system. The heater and stove used liquid propane gas fuel. Interior lighting was provided by electricity. The seating facilities inside the camper could be pulled toward the center of the camper to make two (2) bunk beds.

The heater in the camper was located on the right side at the rear of the camper about two and one-half feet above the floor. The stove was located at the front of the camper in the center. A five-gallon propane gas tank, servicing the heater and the

stove, was located on the outside of the right front side of the camper. The tank, heater and stove all worked on separate control valves so that the gas in the tank could be turned on, but neither the heater nor the stove would operate until their individual controls were turned on. The heater could be turned down so that only a pilot light would remain on.

The respondent used his camper on at least four occasions prior to October 13, 1972; on one occasion he and his wife stayed over night in the camper. On each of those occasions either or both the stove and heater were used and the respondent experienced no trouble whatsoever with either of those appliances. The respondent, in his deposition, testified that after the purchase of the camper, he neither returned the camper to the vendor for any reason, nor did he ever have any repair work done on the propane system, nor did he take it apart to see how it operated. He testified in essence that he had no reason to suspect that there was any defect or problem with the system.

The appellant and respondent, being friends and co-workers, undertook to go hunting together in October, 1972, using the respondent's pickup and camper for transportation. They each purchased their own groceries and meals on the trip, provided their own personal camping and hunting gear, and in the words of appellant, otherwise shared the expenses of the trip on a friendship basis.

After arriving at their destination they set up camp and prepared to retire for the night. The respondent utilized the heater to warm the camper and also prepared coffee on the stove.

When the parties went to bed, the respondent turned the heater off, as far as generating heat, but left the pilot light on. In regard to turning off the stove before retiring, the respondent testified on cross-examination in his deposition that he did not specifically recall, at the time of the deposition in January, 1978, that he turned the stove off; however, he recalled that immediately after the explosion he observed that the valves on the stove were closed, and in his deposition, the appellant testified he was positive that the stove had not been left on during the night.

Both of the parties testified that they were familiar with the odor of propane gas and that neither of them detected or smelled the odor of propane during the evening or morning prior to the explosion.

The respondent testified that he got up once during the night after retiring, and noticed that the pilot light was still on in the heater, and that he did not activate either the stove or the heater at that time.

On the morning of October 13, the respondent arose, turned up the heater, dressed, and folded up his bed. He then turned the heater down to pilot because the camper was comfortably warm. He then approached the stove to heat some water. Before turning the stove on, respondent struck a match. At that moment the explosion occurred. A blue sheet or ball of flame instantaneously flew from the inside of the cabinets above and around the stove, went through the camper and struck the appellant while he was still in bed in his sleeping bag, blowing open the camper door and throwing the appellant out onto the ground. As a result appellant's face and arms were severely burned.

In granting summary judgment to the respondent upon the res ipsa loquitur issue, the trial court noted:

"Plaintiff correctly argues the elements necessary to invoke the doctrine of res ipsa loquitur, however, in addition to the conclusion that the occurrence, in the ordinary course of things would not happen unless someone would have been negligent, it is also necessary that the cause of the injury points to the defendant's negligence. (*S. H. Kress & Co. v. Godman,* 95 Idaho 614, 515 P.2d 561). In the present case, as in the *Godman* case, there were other probable explanations of the cause of the stove's explosion, including repairs or alterations which had been made to the gas stove and furnace by defendant, Monte's Trailer Sales as set

forth in plaintiff's Second Cause of Action and also possibly the negligence of defendant, Whee-Go Custom Built Campers and Trailers as alleged in the Third Cause of Action."

On appeal from an order granting summary judgment the reviewing Court must construe the evidence liberally in favor of the party opposing the order and accord him the benefits of all inferences which might be reasonably drawn therefrom, (*Straley v. Idaho Nuclear Corporation,* 94 Idaho 917, 500 P.2d 218 (1972)) to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Stewart v. Hood Corporation,* 95 Idaho 198, 506 P.2d 95 (1973).

The doctrine of res ipsa loquitur uniquely is predicated upon inferences, rather than direct proof, as a form of establishing liability for negligence. One of the elements of a cause of action based upon negligence is a breach of a duty imposed upon a defendant to conform to certain standards of conduct. Res ipsa loquitur, if applicable to the facts of a particular case, creates an inference of the breach of the duty imposed and replaces direct evidence with a permissive inference of negligence. *Brizendine v. Nampa Meridian Irrigation District,* 97 Idaho 580, 548 P.2d 80 (1976); *Harper v. Hoffman,* 95 Idaho 933, 523 P.2d 536 (1974).

The facts here indicate that the duty to which the respondent was subject in respect to the appellant was the duty of reasonable and ordinary care, owed by a host to his social guest. *Rehwalt v. American Falls Reservoir District No. 2,* 97 Idaho 634, 550 P.2d 137 (1976); *Springer v. Pearson,* 96 Idaho 477, 531 P.2d 567 (1975); *Mooney v. Robinson,* 93 Idaho 676, 471 P.2d 63 (1970); *Wilson v. Bogert,* 81 Idaho 535, 347 P.2d 341 (1959).

To infer negligence through application of the doctrine of res ipsa loquitur, two elements must co-exist, i. e., the agency or instrumentality causing the injury must be under the exclusive control and management of the defendant and the circumstances must be such that common knowledge and experience would justify the inference that the accident would not have happened in the absence of negligence. *Brizendine v. Nampa Meridian Irrigation District, supra; Harper v. Hoffman, supra.*

The mere happening of an accident does not dispense with the requirement that the injured party must make some showing that the defendant against whom relief is sought was in some manner negligent, where there are other probable causes of the injury. 58 Am.Jur.2d Negligence, Secs. 504, 505. In *S. H. Kress v. Godman,* 95 Idaho 614, 515 P.2d 561 (1973), relied upon by the court below in granting summary judgment, this Court held:

"The appellant's second assignment of error urges that the doctrine of *res ipsa loquitur* is applicable to the facts of this case. An essential element in the application of *res ipsa loquitur* is the conclusion that the occurrence in the ordinary course of things would not happen unless someone had been negligent. *Hale v. Heninger,* 87 Idaho 414, 422, 393 P.2d 718 (1964); Restatement (Second) of Torts, § 328 D, comment c. It is also necessary that the cause of the injury point to the defendant's negligence. Restatement (Second) of Torts, *supra,* comments e, f, and g; Prosser, Torts, § 39 (4th ed. 1971). In this case there are other probable explanations of the cause of the boiler's explosion including the appellant's negligence in the control of maintenance of the boiler. For this reason the trial court correctly concluded that the doctrine of *res ipsa loquitur* is inapplicable to the facts of this case." 95 Idaho at 617, 515 P.2d at 564.

By affirming the conclusion of the trial court that res ipsa loquitur was not applicable in *Kress,* this Court did not hold that the appellant therein was barred from the use of the doctrine only because of his own possible negligence, but rather that where there are other possible explanations of the cause of an explosion, it is necessary that the plaintiff must present sufficient

evidence pointing to the defendant's negligence as a cause of the injury, in order to apply res ipsa loquitur to that defendant. Where any one of a number of persons, wholly independent of each other, may be responsible for an injury, the case is one for affirmative proof and not for presumption by way of res ipsa loquitur. 31 Am.Jur.2d Explosions and Explosives, Sec. 107 p. 881; 38 A.L.R.2d 911 Sec. 3(c); *Matievitch v. Hercules Powder Company,* 3 Utah 2d 283, 282 P.2d 1044 (1955). *See also Fireman's Fund American Insurance Companies v. Knobbe,* 562 P.2d 825 (Nev.1977).

■ By his complaint, the appellant here also asserted that defective manufacture, or negligent repairs and alteration of the propane system by the vendor, led to the explosion, thereby recognizing, as did the trial court, that there were other probable explanations of the cause of the explosion in the camper. The proof presented in regard to the motion for summary judgment did not explain away the other probable theories that may have reasonably accounted for the cause of the explosion. In this regard, therefore, the trial court was correct in granting summary judgment insofar as the applicability of res ipsa loquitur to the appellant's claim at that time.

■ This does not mean however, that the trial court was without error in dismissing the claim against the respondent by an order which was certified as being final under Rule 54(b), I.R.C.P.

Res ipsa loquitur, as noted earlier, is merely a means of proof to establish negligence.

"The only function of *res ipsa loquitur* is to replace direct evidence of negligence with a permissive inference of negligence:

'It furnishes circumstantial evidence of defendant's negligence where direct evidence may be lacking. The burdens of proof of the parties remains the same— the plaintiff, with the aid of the inference, must prove his case by a preponderance of the evidence; if the plaintiff presents sufficient evidence to get to the jury, the defendant is obligated to produce evidence to explain or rebut plaintiff's prima facie case.' (Citations omitted)." *Harper v. Hoffman,* 95 Idaho at 934–935, 523 P.2d at 537–538.

In *Harper, supra,* this Court recognized that in Idaho res ipsa loquitur is not a rule of pleading; that a general allegation of negligence by a plaintiff puts the defendant on notice of the possible use of res ipsa loquitur and allows all of the material and relevant evidence on the issue of negligence to be presented to the trier of the facts, consistent with the rule that pleadings shall be liberally construed to secure the just, speedy and inexpensive determination of legal proceedings. 95 Idaho at 935–936, 523 P.2d at 538–539. Thus at the point in time that the motion for summary judgment was raised and heard, the court below was correct in ruling out the use of res ipsa as a form of proof by the appellant; however, the burden of otherwise establishing negligence on the part of the respondent remained with the appellant and he has now been foreclosed by the entry of a final order dismissing his claim from proceeding with his case against the respondent in any manner, including res ipsa, to establish the alleged negligence of the respondent. The posture of this case is not unlike the one recently before this Court in *Pichon v. L. J. Broekemeier, Inc.,* 99 Idaho 598, 586 P.2d 1042 (1978). There it was deemed inappropriate for the trial court to certify a partial summary judgment as a final order, except in the infrequent harsh case which might result if an appeal were delayed until final disposition of the entire case. It was held:

" * * * The record in the present case does not justify certification on the basis of the considerations mentioned above. The record does not reflect any hardship or injustice that would be suffered if a Rule 54(b) certification were not made. To the contrary, it appears the orders of partial summary judgment from which this appeal is taken were entered so that the trial court could streamline the case by eliminating the equitable claims so that the remaining legal claims could be tried to a jury. The trial court's orders

therefore resemble pretrial orders pursuant to Rule 16. *State ex rel. Moore v. Bastian,* 98 Idaho 888, 575 P.2d 486 (1978). Such orders are not susceptible of Rule 54(b) certification. *Baca Land & Cattle Co. v. New Mexico Timber, Inc.* [384 F.2d 701 (10th Cir. 1967)], *supra.* Appellate review of these orders ought properly to await final determination of the entire case if the parties then feel an appeal is appropriate. The trial court abused its discretion in entering Rule 54(b) certifications as to the dismissals of Count I. The orders of partial summary judgment on Count I are not appealable as a result." 586 P.2d at 1046.

Here we see no hardship, injustice, or compelling reason why the summary judgment here should be final, until such time as the entire case is determined.

It may well appear in the future prosecution of appellant's claim that he can satisfy his burden of proof of negligence on the part of the respondent by means other than through the use of res ipsa loquitur, or that in the course of proceeding against the other named defendants, the other probable explanations of the cause of the explosion may be satisfactorily dispelled and an inference of negligence on the part of the respondent may once again be focused in his direction; in which case the trial court should not be bound, by an earlier final order, from entertaining an application to set aside the dismissal, or otherwise to alter, amend, rescind or change the summary judgment at any time before the entry of judgment adjudicating all claims between the parties. *Dawson v. Mead,* 98 Idaho 1, 557 P.2d 595 (1976). The certification of the summary judgment as a final order was therefore improvident and constituted an abuse of discretion by the trial court. Such being the case, the finality of the order must be set aside, rendering the order of summary judgment not appealable. *Pinchon v. L. J. Broekemeier, Inc., supra.* The appeal is dismissed.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and MAYNARD, J., Pro Tem., concur.