624 P.2d 946

## WASHINGTON CARRIERS, INC., a Washington Corporation, Plaintiff-Appellant,

v.

## BECKLEY TRUCKING, INC., an Idaho Corporation, and J. R. Simplot Company, a Nevada Corporation, Defendants,

and

## J. R. Simplot Company, a Nevada Corporation, Defendant-Respondent.

### No. 13250.

Supreme Court of Idaho.

March 4, 1981.

Timothy Walton and Charles E. Mooney of Lyons, Mooney, Bohner & Chasan, Boise, for plaintiff-appellant.

Douglas J. Balfour and Donald J. Farley of Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-respondent.

BAKES, Chief Justice.

This negligence action arises out of a two-truck collision which occurred in a yard adjacent to a warehouse owned by defendant respondent J. R. Simplot Co. A truck owned by plaintiff appellant Washington Carriers, Inc., was damaged when a truck owned by defendant Beckley Trucking, Inc., backed into it. Both trucks were in the Simplot yard to unload potatoes.

Washington Carriers sued both Beckley and Simplot, alleging that the negligence of their employees caused the damage to the Washington Carriers truck. Defendants Beckley and Simplot moved for summary judgment. On January 25, 1979, the trial court granted Simplot's motion and entered summary judgment in its behalf. The judgment was certified as final under former I.R.C.P. 54(b) (amended effective May 1, 1979). Washington Carriers appeals from that judgment.

The record in this case consists solely of plaintiff's complaint and the affidavits of Manuel Olvera, a Simplot employee who was helping trucks unload in the yard, and Robert Boersma, a witness to the accident. According to Olvera, there was an established procedure for unloading trucks at the Simplot plant. When the trucks were weighed at the entrance to the unloading area, they were given a number. The number determined the order for unloading. On the night in question, the Beckley truck was weighed and received a number. The Beckley truck driver parked in one of the parking stalls in the Simplot yard awaiting his turn to unload. Olvera stated that sometime later the Beckley truck driver approached him and asked when he could unload. Olvera told him that he was next. According to Olvera, the Beckley driver then returned to his truck, got in, and began backing toward a storage door where Olvera was standing. According to his affidavit, Olvera then noticed the Washington Carriers truck entering the yard. Olvera stated that he first thought that the Washington Carriers truck would pass behind the Beckley truck. Instead, the Washington Carriers truck stopped behind the Beckley truck. Olvera yelled out, and the Washington Carriers driver also sounded his horn. The Beckley truck, however, backed into the Washington Carriers truck.

Boersma in his affidavit contradicted Olvera only in one respect. Boersma stated that at the time the Washington Carriers truck had pulled behind the Beckley truck, the Beckley truck had not commenced backing up. Boersma's affidavit does not in any significant way contradict the description of Olvera's activities during the time in question.

The record below discloses no facts indicative of negligence on the part of the J. R. Simplot Company. Even construing the record in favor of Washington Carriers, the party opposing summary judgment, we agree with the district court's decision. *See, e.g., Farm Bureau Finance Co., Inc. v. Carney*, 100 Idaho 745, 605 P.2d 509 (1980); *State Tax Comm'n v. Western Electronics, Inc.*, 99 Idaho 226, 580 P.2d 72 (1978).

Summary judgment in favor of defendant respondent J. R. Simplot Company is affirmed. No costs allowed.

McFADDEN, DONALDSON and SHEPARD, JJ., concur.

BISTLINE, Justice, dissenting.

This case being indistinguishable from *Christensen v. Potratz*, 100 Idaho 352, 597 P.2d 595 (1979), and *Pichon v. L. J. Broekemeier, Inc.*, 99 Idaho 598, 586 P.2d 1042 (1978), we should grant Simplot's motion to dismiss.

## I.

As stated in Simplot's brief on appeal the issue before us is "[w]hether injustice, harshness or other compelling reasons outweigh the policy against piecemeal appeals thus permitting the plaintiff to appeal the District Court's grant of summary judgment as to less than all the defendants."

*Pichon* held "[t]he trial court's determination that there is no just reason for delay is not ... binding on the appellate court when it appears the lower court abused its discretion in so finding." 99 Idaho at 601–02, 586 P.2d at 1045–46. That opinion quoted directly from 6 Moore's Federal Practice § 54.01[6] at 52.24:

"[T]he purpose of allowing appeals from partial dispositions of a whole case was 'to avoid the possible injustice of a delay in judgment of a distinctly separate claim.' ... [A] Rule 54(b) certification would be improper where a trial remained to be had 'on other claims similar or identical with those disposed of.' " 99 Idaho at 602, 586 P.2d at 1046.

*Pichon* observed that the record did "not reflect any hardship or injustice that would be suffered if a Rule 54(b) certification were not made." 99 Idaho at 602, 586 P.2d at 1046.

In *Christensen* we saw "no hardship, injustice, or compelling reason why the summary judgment ... should be final, until such time as the entire case is determined." 100 Idaho at 357, 597 P.2d at 600. Our reasoning showed a concern that as the case proceeded between the remaining litigants, the trial court might find grounds to bring Christensen back into the controversy:

"It may well appear in the future prosecution of appellant's claim that he can satisfy his burden of proof of negligence on the part of the respondent by means other than through the use of res ipsa loquitur, or that in the course of proceed-ing against the other named defendants, the other probable explanations of the cause of the explosion may be satisfactorily dispelled and an inference of negligence on the part of the respondent may once again be focused in his direction; in which case the trial court should not be bound, by an earlier final order, from entertaining an application to set aside the dismissal, or otherwise to alter, amend, rescind or change the summary judgment at any time before the entry of judgment adjudicating all claims between the parties. *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976). The certification of the summary judgment as a final order was therefore improvident and constituted an abuse of discretion by the trial court. Such being the case, the finality of the order must be set aside, rendering the order of summary judgment not appealable. *Pichon v. L. J. Broekemeier, Inc., supra.* The appeal is dismissed." 100 Idaho at 357, 597 P.2d at 600.

Nothing in the present case distinguishes it from these two cases. Trial remains to be had on claims substantially similar to this one, and until that trial is over this remains a piecemeal appeal, with there being no hardship, injustice or compelling reason why this judgment should have been made final for appeal purposes. *Merchants, Inc. v. Intermountain Industries, Inc.*, 97 Idaho 890, 892, 556 P.2d 366, 368 (1976), observed "[h]ad the underlying case been permitted to go forward, by now the issue before us might well have become moot." Similarly, here a resolution of the remainder of the controversy might have produced a recoverable judgment in favor of Washington Carriers.

## II.

In this most unusual case the 54(b) certification was obtained by *respondent*,[1] who

---

1. Counsel for Simplot had informed the court that he would submit an order in such form as to be a final judgment, and the order itself shows that he did. The 54(b) certification appeared in that body of the order for summary judgment:

"The court having reviewed and considered the record herein and having heard and considered the arguments of counsel and having found and concluded that there is no genuine issue of material fact and that the defendant, J. R. SIMPLOT COMPANY, is entitled to

in a turnabout in this Court then argues for dismissal.[2] In *Intermountain Industries* we noted: "Nor is it suggested that either party requested certification. PIPCo might have done so in order to activate the running of appeal time. Intermountain might have done so in order to lay a foundation for its appeal." 97 Idaho at 892, 556 P.2d at 368. But we never had in mind that the party obtaining the certification could gain a dismissal of the appeal by contending that the "certification was . . . improvident and . . . an abuse of discretion."

It is more than a little inconsistent for Simplot to first obtain the 54(b) certificate below, and then argue on appeal that the certificate does not provide the evidence of finality necessary to bring an appeal. Nevertheless, the appeal should be dismissed, but costs of appeal should be assessed against Simplot.

Simplot's inconsistency in first obtaining from the trial court such a certificate, thereby precipitating the appeal, and then arguing in this Court that the record below does not justify its issuance, pales against the splenderous inconsistency displayed by the majority in reaching the merits, despite the holdings in *Pichon* and *Christensen.* This particular appeal having entered into the Court's assembly line, and entertained as though properly here, another case was necessarily pushed back.

At the least the Court might attempt to advance some reason for ignoring the recent contrary holdings.

judgment as a matter of law, and the court having further found that there is no just reason for delay of entry of final judgment in favor of J. R. SIMPLOT COMPANY pursuant to Rule 54(b), I.R.C.P. and judgment should be entered in favor of J. R. SIMPLOT COMPANY, and the court being fully advised in the premises . . . ."
Thus my conclusion that respondent obtained the certification.

2. Dismissal of the appeal under the *Pichon* and *Potratz* holdings is Simplot's primary contention on the appeal. Simplot argues that:
"[T]he District Court's determination that there is 'no just reason for delay' is not binding on the Idaho Supreme Court when the judgment is appealed. *Pichon v. L. J. Broekemeier, Inc.,* 99 Idaho 598, 586 P.2d [1042]

1043, 1045 46 (1978). In *Pichon,* the court stated quite clearly that Rule 54(b) certification is not to be the basis for appeal unless it appears that injustice, harshness or other compelling reasons outweigh the policy against piecemeal appeals. *Id.* at 601–602, 586 P.2d at 1046. Here, as in *Pichon,* the record does not indicate what, if any, harsh results would follow from requiring the plaintiff to wait until the entire case is decided before proceeding with appeal. Indeed, if the plaintiff's conduct is found to be the sole and proximate cause of the collision of the vehicles, thus ruling out other individual's liability, or if plaintiff is found 50% or more at fault, appeal of the grant of Simplot's motion for summary judgment would be without purpose."