Mr. Justice Moore
delivered the opinion of the Court.
Plaintiff in error will be referred to as the plaintiff, and defendant in error will be called Pacific Mutual or the defendant.
The plaintiff alleged in its amended complaint that on June 24, 1961, it sold a tract of land in Arapahoe county to the Alfa Development Company and received in payment a note for $6,976.14 which was secured by a first deed of trust upon the land. The plaintiff alleged that shortly after this sale,
“* * * defendant informed plaintiff that defendant intended to make a construction loan to Alfa Development Company in the approximate amount of $21,500.00, the proceeds of which loan, defendant informed plaintiff, were to be used solely for the purpose of constructing a completely finished dwelling on the above described property. Defendant requested plaintiff to subordinate its first deed of trust in favor of a deed of trust that Alfa would give defendant to secure the payment of the construction loan. In making this request, defendant represented to plaintiff that the proceeds of the construction loan would be used to construct a completely finished dwelling on said property, and that defendant would use all reasonable precautions neces *432 sary to insure that the proceeds of the construction loan would be applied solely to the construction of a completely finished dwelling on the property.”
Plaintiff further alleged that it relied on defendant’s representation as above quoted, and in the belief that the defendant would take all reasonable precautions necessary to insure that the proceeds of the loan to be made by Pacific Mutual would be expended to construct a completely finished dwelling on the land, the plaintiff subordinated its deed of trust to that executed by Alfa Development Company to secure payment of the note for $21,500 payable to the order of Pacific Mutual. The plaintiff complains further that,
“6. Thereafter, defendant failed to take all reasonable precaution necessary to insure that a completely finished dwelling was constructed on such property, and failed to take reasonable precaution to insure that the proceeds of the loan were applied to the construction of such dwelling, as a result of which the dwelling constructed on the property lacked various essential requirements of a completely finished dwelling, including a heating plant, plumbing, sewer or septic tank facilities, floors, electric outlets, and fixtures.”
Further, it is alleged that Alfa Development Company defaulted in the repayment of the construction loan made by the defendant; that the deed of trust securing the loan was foreclosed and at the foreclosure sale the defendant purchased the property from the public trustee for the sum of $23,932.74; that,
“* * * as a result of defendant’s failure to use reasonable precautions to insure that the proceeds of the construction loan were used to construct a completely finished dwelling unit on said property, the value, of the property did not exceed the amount required to redeem the property,”
and that the plaintiff did not redeem from the foreclosure sale because of the insufficient value of the property to warrant redemption.
*433 Plaintiff alleged that the maker of the original note held by it for $6,976.14 was insolvent, and that by reason of the conduct of Pacific Mutual the plaintiff lost its security for payment of its note; all to its damage in the amount of $6,976.14 plus interest and attorneys fees.
The defendant filed its answer in which it admitted the following: That it made the Alfa Development Company a construction loan in the amount of $21,500; that the loan was foreclosed; that plaintiff did not redeem from the foreclosure sale; that the Alfa deed of trust payable to plaintiff was subordinated to the lien of the deed of trust to Pacific Mutual; and that Alfa defaulted in the payment of the deed of trust and note payable to plaintiff. It denied each of the other allegations of the amended complaint.
A trial was had to the court without a jury. At the conclusion of the evidence offered by the plaintiff, the defendant moved for judgment of dismissal on the ground that there was insufficient evidence to support a judgment in favor of the plaintiff. This motion was granted and judgment entered accordingly. Motion for a new trial was overruled.
The subordination agreement which was signed by plaintiff was as follows:
“SUBORDINATION AGREEMENT
“For and consideration of these presents and in further consideration of a Construction Loan being made to Alfa Development Co., for a single family dwelling unit to be situated on the property described as:
“Lot Four (4), Block Twenty six (26), RESUBDIVISION OF BLOCK 26, CHERRYS BROADWAY GARDENS, according to the recorded plat thereof, County of Arapahoe, State of Colorado.
“The Stratford Corporation, a Colorado corporation has, and by these presents does, subordinate a specific Deed of Trust in its favor executed by Alfa Development Co., dated June 24, 1961, and recorded July 7, 1961 in Book 1270, Page 279, of the Public Records of Arapa *434 hoe County, Colorado; Said subordination to a Deed of Trust for construction loan purposes in favor of Pacific Mutual Life Insurance Company by Alfa Development Co., dated June 26, 1961, and recorded July 7, 1961 in Book 1270, Page 286 of the Public Records of Arapahoe County, Colorado.
“This Subordination is to remain in full force and effect until such time as the Deed of Trust in favor of Pacific Mutual Life Insurance Company is released.
“Dated at Denver, Colorado, this 16th day of August, 1961.”
As grounds for reversal of the judgment it is argued that:
1. “The court erred in finding That neither by language conducts or acts, has defendant misled the plaintiff to plaintiff’s damage.’
2. “The court erred in finding that there was no evidence that defendant was under a duty to plaintiff to take reasonable precautions to insure that the proceeds of the construction loan would be used to construct a completely finished dwelling on the subject property.
3. “The Court erred in finding There is a total lack of evidence’ to sustain plaintiff’s contention that defendant is liable to plaintiff in the amount of the Alfa, note, which note was secured by the plaintiff’s deed of trust, and subordinated to the deed of trust to defendant.
4. “The court erred in disregarding other contractual transactions between defendant and plaintiff’s principal officer.
5. “The court erred in excluding evidence offered in aid of interpretation of plaintiff’s subordination agreement.”
A loan agreement was entered into between Pacific Mutual and Alfa Development Company, which called for the erection of a dwelling to cost not less than $26,000. It appears that some fixtures and equipment had been removed prior to the expiration of the period of redemption. There was no evidence as to the cost of *435 the improvements placed upon the real estate. There was ' nothing in the construction loan agreement (to which plaintiff was not a party) which prevented Pacific Mutual from paying out the entire proceeds of the loan to the builder at any given time. There was no evidence warranting the conclusion that the defendant was under a duty to plaintiff to take reasonable precautions to insure that the proceeds of the construction loan would be used to construct a completely finished dwelling on the subject property. Considered in the light most favorable to the plaintiff, the evidence was that Pacific Mutual agreed to loan Alfa $21,500 on a house that would be constructed “at a cost of not less than $26,000.00.” Counsel for plaintiff have based the claim of plaintiff on the mistaken premise that a $21,500 loan would erect a completely finished dwelling. Such is not the case. The dwelling was to cost not less than $26,000.
The several decisions of this and other courts which are contained in the brief of counsel for plaintiff are not applicable, to the instant case, for the reason that there is in each of them a very marked difference in the facts. From the brief of counsel for the plaintiff we quote the following statement of the issue which he claims is presented for determination:
“The cardinal issue in this case is whether the holder of a construction loan mortgage, in whose favor a purchase money mortgage on unimproved real property is subordinated, has any duty or obligation to protect the interests of the holder of such purchase money mortgage. * * *”
The answer to that question is that, under the facts as disclosed by the record in the instant case, there was no breach of any duty owed to the plaintiff by Pacific Mutual. The argument that plaintiff should recover its loss upon the doctrine of “promissory estoppel” is untenable.
The trial court did not err in excluding evidence, *436 relating to other unrelated business transactions, which was offered “in aid of interpretation of plaintiff’s subordination agreement.” There was no ambiguity in that document requiring resort to extrinsic evidence in explanation of its terms.
The judgment is affirmed.