PEOPLES BANK & TRUST CO.,
Plaintiff–Appellee,

v.

The ROCKY MOUNTAIN DISTRICT COUNCIL OF THE ASSEMBLIES OF GOD, a Colorado non–profit corporation, Defendant–Appellant,

and

Calahan Construction Co., a Colorado corporation, a/k/a Calahan Construction Company, Gordon Calahan, Sandra L. Calahan, Esther G. Calahan, a/k/a Esther J. Calahan, Edgar G. Calahan, Ace High Sewer Company, Vincente T. De Bell, d/b/a Ace High Sewer Company, F. J. Serafini, a Public Trustee of the City and County of Denver, Colorado, and Jo L. Fleming, as Public Trustee of the County of Arapahoe, Colorado, Defendants.

No. 80CA0513.

Colorado Court of Appeals,
Div. I.

Nov. 13, 1980.

Berenbaum & Berenbaum, Charles P. Leder, Denver, for plaintiff–appellee.

Pferdesteller, Vondy, Horton & Worth, P. C., Fred W. Vondy, Denver, for defendant–appellant.

RULAND, Judge.

In an action to quiet title to certain lots, the defendant, Rocky Mountain District Council of the Assemblies of God (the Church) appeals from an order of the trial court granting the plaintiff's motion for summary judgment. We affirm.

The facts in this case are uncontroverted. On July 13, 1977, the Church sold Edgar G. Calahan seven lots in a subdivision located in Arapahoe County. In exchange, Calahan executed and delivered to the Church a purchase money note and deed of trust as security for the note. The deed of trust was duly recorded on July 20, 1977. Calahan purchased the property with the intent of constructing residences on each of the lots.

Subsequently, Calahan and various other parties contacted the plaintiff, People's Bank & Trust Co., to obtain development and construction loans for the improvement of the 7 lots. The Bank agreed to the loans on the condition that it secure a first deed of trust to the property. Consequently, the Church, which already held a first deed of trust, agreed to subordinate its lien to those of the Bank.

Each of the seven subordination agreements executed by the Church provided:
that ... [the Church] ... does hereby subordinate the lien of the deed of trust owned by it and recorded ... July 20, 1977, ... to the lien of the deed of trust for the use of ... [the Bank] ..., *and agrees that the lien on the deed of trust for the use of the Bank is paramount and superior to the lien of the Church.* (emphasis added)

Deeds of trust to the seven lots in favor of the Bank and the accompanying subordination agreements were duly recorded on May 22 and July 6, 1978. The Bank also obtained a deed of trust and an identical subordination agreement for the development loan.

In July of 1979, the Bank initiated foreclosure proceedings on its deeds of trust. The Church immediately foreclosed on its deed of trust, treating the Bank as a junior lienor. On January 15, 1980, the Church received a deed from the Public Trustees conveying all the property to it. The Bank subsequently obtained Public Trustee's deeds to the lots on January 29, 1980.

Although variously worded, the Church's sole contention is that the trial court erred in enforcing the subordination agreements. The Church claims that it acquired title to the disputed lots by a Public Trustee's Deed, and that under § 38–39–110, C.R.S. 1973, its title was free and clear of all liens and encumbrances. We find no merit in this contention.

Section 38–39–110 provides, in pertinent part, that:
The trustee ... shall, upon expiration of the period of redemption ... make and execute a deed to the holder of the certificate of purchase ... to the land and tenements sold .... Upon the issuance and delivery of such deed, ... title shall vest in the grantee and such title shall be free and clear of all liens and encumbrances recorded or filed subsequent to the recording or filing of the lien on which the sale ... was based.

However, the statute does not by its terms purport to govern or affect the priority of liens established by subordination agreements. And, such agreements are enforceable in this jurisdiction. *See, e.*

**60**

*g., Stratford Corp. v. Pacific Mutual Life Insurance Co.*, 159 Colo. 430, 412 P.2d 233 (1966); *Pope Heating & Air Conditioning Co. v. Garrett–Bromfield Mortgage Co.*, 29 Colo.App. 169, 480 P.2d 601 (1971). Because the agreement is unambiguous in its terms, we agree with the trial court that the Bank's lien against the property was superior to that of the Church. *See Radiology Professional Corp. v. Trinidad Area Health Association Inc.*, 195 Colo. 253, 577 P.2d 748 (1978). Therefore, when the Church received the Public Trustee's deed, it acquired title to the property subject to the liens of the Bank's deeds of trust and entry of judgment for the Bank was correct.

Judgment affirmed.

COYTE and PIERCE, JJ., concur.