690 P.2d 362

**Yance KNOKE, Plaintiff-Respondent,**

v.

**Jon CHARLEBOIS and Linda Charlebois, husband and wife, dba Mastercraft, Defendants-Appellants.**

**No. 14592.**

Court of Appeals of Idaho.

Oct. 23, 1984.

Raymond C. Givens, Coeur d'Alene, for defendants-appellants.

Marilyn Schwam, Moscow, for plaintiff-respondent.

PER CURIAM.

The issue presented is whether the settlement of a wage claim, after default judgment has been entered for a greater amount, entitles the employer to relief from the judgment. Under the circumstances of this case, we hold that it does. Accordingly, we reverse an order denying such relief.

The employee, Yance Knoke, sued Jon and Linda Charlebois (collectively termed the employer) for unpaid wages and obtained a default judgment of $12,090.25. This sum was comprised of $3,000 in back wages, trebled pursuant to I.C. § 45–615(4), together with $3,000 in attorney fees and $90.25 in costs. Several months later, the employee, apparently acting without the advice of his capable counsel, met with Jon Charlebois and discussed the wage claim. At the conclusion of that meeting both individuals signed a handwritten "statement" and acknowledged it before a notary public. The instrument recited that the unpaid wages actually were "about $576.00," that the parties had "agreed on a sum of $1,000 for total compensation," and "with this agreement [the employee] want[ed] to drop the suit for back wages."

When this agreement was signed, the employer already had paid $482.35 by way of attachment and execution on the judgment. No payment was tendered upon the signing of the memorandum. In fact, Jon Charlebois was financially distressed, having been convicted of a crime and placed in a work-release program. However, the employee's attorney collected an additional $775.00, through Charlebois' work-release supervisor, before Charlebois filed a motion in district court seeking relief from the judgment.

At a hearing on the motion, the employee repudiated the agreement. However, he did not dispute the contents of the agree-

ment, nor did he contend that his signature had been procured by fraud, compulsion or duress. Rather, he testified that he signed the agreement "under the assumption that I would get, as Jon had said, a payoff of the thousand dollars within a reasonably short time." The district judge denied the motion for relief, explaining from the bench that the agreement did not "[constitute] a settlement because there's no consideration for it." This appeal followed.

 Rule 60(b)(5), I.R.C.P., provides in part that a party may be relieved from his obligation under a final judgment where "the judgment has been satisfied, released, or discharged." An adjudged debt may be discharged by a valid accord and satisfaction. An "accord" is a mutual agreement between the parties to give and to accept something in settlement of the debt; "satisfaction" is the performance (occasionally called the "execution") of that agreement. *See Fairchild v. Mathews*, 91 Idaho 1, 4, 415 P.2d 43, 46 (1966). An accord, like any contract, must be supported by consideration. But when the contract has been fully performed—that is, when the accord has been satisfied—the courts will not retroactively invalidate it upon a question of consideration. *Marysville Development Co. v. Hargis*, 41 Idaho 257, 239 P. 522 (1925). Conversely, where—as here—a debt is settled for a lesser sum, the accord has no effect upon the original debt unless it is fully performed. *Exchange Lumber & Mfg. Co. v. Thomas*, 71 Idaho 391, 396, 233 P.2d 406, 408 (1951).

Therefore, the critical question in this case is whether the agreement to pay and to accept $1,000 in settlement of the adjudged debt was fully performed. The district judge did not address this question specifically. However, we deem the answer to be obvious from the record. The employee, through his attorney, collected $1,257.35 ($482.35 before the agreement and $775.00 thereafter) from the employer. The agreement specified "a sum of $1,000 for total compensation." The employee has argued that he intended the $1,000 to be over and above the amount already collected when the agreement was signed. However, the agreement unambiguously provides for $1,000 as the "total compensation." Where a written agreement is unambiguous, its meaning must be drawn from the plain language of the instrument itself. *E.g., J.R. Simplot Co. v. Chambers*, 82 Idaho 104, 350 P.2d 211 (1960). Absent fraud or overreaching—neither of which has been proven here—we cannot modify the express terms of an agreement lawfully entered into by two competent parties. *Miller v. Miller*, 88 Idaho 57, 396 P.2d 476 (1964).

We are constrained to hold that the agreement was fully performed. Therefore, the adjudged debt was discharged by a valid accord and satisfaction. The district court erred by refusing to grant relief from the judgment under Rule 60(b). The court's order denying such relief is reversed. Costs to appellants. No attorney fees on appeal.