695 P.2d 1245

**Karl SMITH and Retha Smith, husband and wife, Plaintiffs-Appellants,**

v.

**Homer WHITTIER, Defendant-Respondent,**

v.

**Dale W. STORER; Timothy B. Lewis; David K. Smith and Nadean Smith, husband and wife; Kent Smith and Patsy Smith, husband and wife; and Karl Smith & Sons, Inc., a corporation, Defendants.**

No. 15052.

Supreme Court of Idaho.

Feb. 12; 1985.

Lloyd J. Webb, of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for plaintiffs-appellants.

Louis F. Racine, Jr., of Racine, Olson, Nye, Cooper & Budge, Pocatello, for defendant-respondent.

Whittier & Souza, Pocatello, for David K. Smith, Nadean Smith, Kent Smith, Patsy Smith, and Karl Smith & Sons, Inc.

Quane, Smith, Howard & Hull, Boise, for Dale W. Storer and Timothy B. Lewis.

SHEPARD, Justice.

This is an attempted appeal from a partial summary judgment issued in favor of Homer Whittier, one of multiple defendants to a multiple count action brought by plaintiffs-appellants Karl and Retha Smith. We dismiss the appeal.

Karl and Retha Smith had engaged in a farming-ranching operation at two locations within Idaho with the assistance of their two sons, David and Kent. That farming operation was incorporated in 1976 as the "Karl Smith & Sons, Inc.," with Karl and Retha Smith holding a majority and controlling interest of the stock of that corporation.

The Smiths were contacted by Homer Whittier, an insurance agent, regarding the purchase of life insurance and "estate planning." As a result of the contacts with Whittier, an insurance policy was issued on the life of Retha Smith, with the corporation as applicant, owner and beneficiary. At a later time contacts were made with defendants-attorneys Storer and Lewis for the purpose of obtaining estate planning advice.

Ultimately an estate plan was drafted encompassing wills for Karl and Retha Smith, the life insurance policy on Retha's life, a transmutation of community property agreement, and a private annuity agreement under which Karl and Retha would each obtain a yearly annuity payment. As part of the estate plan, the Smith sons were made the owners and beneficiaries of the life insurance policy on Retha's life. The value of the policy would presumably fund a buy-out by the Smith sons of the stock interest in the corporation left to the Smith daughters under the Smiths' joint wills.

Karl and Retha Smith became dissatisfied with the estate plan and with the actions taken pursuant to that plan and they instituted the instant action against their two sons, David and Kent Smith, along with the sons' respective wives; and against Whittier, Storer, Lewis, and the corporation.

In Count One of the seven-count complaint, it was alleged that Karl and Retha Smith were deprived of their controlling interest in the corporation without their understanding that the annuity arrangement would be unsecured or that the proceeds of the insurance policy would go to the two sons, David and Kent. It was alleged that Karl and Retha Smith were not competent, because of physical and emotional infirmities, to understand the plan or the documents executed pursuant thereto, and that the stock transfer of the majority and controlling interest in the corporation from Karl and Retha Smith to their sons, David and Kent, should be set aside and declared invalid. In Count Two, it was alleged that the defendants Whittier, Storer, Lewis, and the two Smith sons materially misrepresented the facts to Karl and Retha Smith to gain their consent to the transfer of the corporate stock. In Count Three, Storer and Lewis were alleged to have held themselves out as having special expertise in the field of estate planning, and it was further alleged that Storer and Lewis, while purporting to act as attorneys for Karl and Retha Smith, were directed by Whittier and the younger Smiths in the preparation of the plan and the documents executed pursuant thereto, and that therefore Storer and Lewis acted with a conflict of interest and in violation of a fiduciary duty. In Count Four, it was alleged that Storer and Lewis were guilty of negligence and professional malpractice. In Count Five, it was alleged that the younger Smiths and their wives intended to deprive Karl and Retha Smith of that corporate stock without adequate consideration. Count Six alleged that Whittier had acted in a fiduciary capacity as to the elder

Smiths and that Whittier had breached his fiduciary duties. Count Seven alleged that the corporation Karl Smith & Sons, Inc. was a necessary defendant in the case, particularly with regard to implementation of relief requested in Counts One and Two.

Upon motion, summary judgment was granted in favor of Whittier. The order of the district judge indicated that, while the court construed the evidence and all reasonable inferences arising from testimony in the light most favorable to Karl and Retha Smith, there was nevertheless no genuine issue of material fact. The district court held that, regardless of the merits of the claims against the remaining parties, Karl and Retha Smith had placed no reliance upon Whittier as to the estate plan; there was no claim of any misrepresentation on the part of Whittier; Whittier did not direct or control any of the activities of the lawyers; Whittier's participation in the estate plan was limited to supplying certain information regarding insurance; and therefore summary judgment was proper in favor of Whittier. The record before us does not indicate that either of the parties requested the district court to certify that the judgment was final, in accordance with I.R.C.P. 54(b). Nonetheless, the district court did so certify that there was no just reason for delay of the entry of final judgment, and he did certify the summary judgment as being a final one, upon which execution might issue and an appeal be taken.

■ As above indicated, the action instituted is one against multiple defendants and containing multiple counts. While the action of the court in granting partial summary judgment to defendant Whittier may have been correct in light of the existing evidence, it is equally clear that the order of the district judge certifying that summary judgment as final and appealable was erroneous. The district court's determination that there was no just reason for delay and that the judgment was appealable is not binding on this Court, when it appears the lower court abused its discretion in so finding. *Christensen v. Potratz,* 100 Ida-

ho 352, 597 P.2d 595 (1979); *Pichon v. Broekemeier,* 99 Idaho 598, 586 P.2d 1042 (1978).

The remaining counts against the remaining defendants in this case must still be litigated, with the possibility existing of an appeal from that ultimate judgment. Judicial economy will not be served by a piecemeal approach to the ultimate disposition of the case. Further, as we view the intertwining allegations in the various counts against the various defendants, testimony regarding one or some may bear upon the liability of others, and the district judge may feel compelled to change or modify his ruling upon the summary judgment at issue here. We find nothing in the record to indicate any hardship, injustice, or compelling reason why the summary judgment should be final until such time as the entire case is determined. The finality of the order must be set aside, rendering the order of summary judgment not appealable. *See Potratz, supra; Pichon, supra; Southland Produce Co. v. Belsun,* 96 Idaho 776, 536 P.2d 1126 (1975).

■ Because of our holding in this case, it is necessary for us to reverse the district court's awarding of costs and attorney's fees incurred in pursuing summary judgment to Whittier. In order to be awarded attorney's fees, one must be a prevailing party. I.R.C.P. 54(e)(1). Whittier is not a prevailing party yet, although we recognize that he may become one after the case is tried.

Appeal dismissed. No costs or attorney's fees on appeal.

DONALDSON, C.J., BAKES and BISTLINE, JJ., and McFADDEN, J. Pro Tem, concur.