712 P.2d 567

**Robert M. BISHOP, Sr., Plaintiff-Appellant,**

v.

**CAPITAL FINANCIAL SERVICES, a corporation, and West Beneficial Finance, Inc., Defendants-Respondents.**

**No. 15446.**

Supreme Court of Idaho.

Dec. 10, 1985.

Robert M. Kerr, Jr., Blackfoot, and Joel Berrett, Twin Falls, for plaintiff-appellant.

Richard T. St. Clair, Idaho Falls, for defendants-respondents.

HUNTLEY, Justice.

On a Note executed November 28, 1979, Bishop borrowed over $40,000 from Capital at an annual rate recited on the Note's face as 18% payable in 120 monthly installments of $810.83 (except for the first installment of $828.33 due January 1, 1980) totaling $97,367.10. The Note provided the loan would be a supervised consumer loan subject to the provisions of the Uniform Consumer Credit Code of Idaho. A second Deed of Trust executed November 28, 1979 on Bishop's home at 885 Airport Road, Blackfoot, Idaho secured the $97,367.10 due under the Note. (A first Deed of Trust executed February 23, 1966 on the same home secured a prior loan to Bishop from a different lender.)

■ Bishop suffered a fire loss to his home during the effective period of a fire insurance policy which named Capital as a loss payee. In the resulting suit from which this appeal arises, Bishop alleged a total of five claims against various defendants, including Capital, who was named for judicial determination of the validity and extent of its claims to the fire insurance proceeds. Bishop alleged Capital's loan was usurious because Capital had "knowingly taken, received, reserved, and charged a rate of interest" above the Idaho statutory maximum. Bishop's fifth claim demanded from Capital triple the interest charged and paid under the Note and Deed of Trust, "the exact dollar amount of which interest is not known by this plaintiff [Bishop] but will have to be discovered and ascertained from the records of said defendants [Capital]." Bishop appeals the district court's grant of partial summary judgment for Capital, which was entered following and pursuant to the trial court's Written Memorandum Decision filed on February 2, 1984. Simultaneously there was also filed the Partial Summary Judgment which shows on its face that it was prepared by counsel for the defendants who had obtained the favorable ruling from the court. Part and parcel of the summary judgment was a Rule 54(b) certificate, which the district judge also signed, certifying that the Court's determination "that there is no just reason for delay of the entry of final judgment ... upon which execution may issue and an appeal may be taken...." R., pp. 150–51. The record gives no indication that either party had made a written application to the trial court for Rule 54(b) certification, or that there was any hearing on any oral application that was made. In *Pichon v. L.J. Broekemeier, Inc.*, 99 Idaho 598, 586 P.2d 1042 (1978), we adopted the standard applicable to Rule 54(b):

"[O]rdinarily an application for a Rule 54(b) order requires the trial judge to exercise considered discretion, weighing

the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their though that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case....'" 28 U.S.C.A., Federal Rules of Civil Procedure 118–119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which the Rule confers upon the trial judge should be used only "in the 'infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule."

*Pichon,* 99 Idaho at 602, 586 P.2d at 1046.

We dismiss this appeal on our own motion, just as we did in *Pichon.* We reiterate that where a district court grants partial summary judgment as to less than all the claims in a multiple claim, multiple party suit, the district court may not direct the entry of final judgment on the claim(s), except in that infrequent case in which the interests of justice served by an immediate appeal outweigh the policy against piecemeal appeals. *Pichon, supra.*

■ The instant case involved a total of five claims against a total of six parties. The district court granted partial summary judgment upon but one claim (the fifth) against but one party (Bishop). Indulging in our determination as to whether a Rule 54(b) certification could be justified, we do not see the record providing any reason to believe that postponing Bishop's appeal until final adjudication of all the claims below will cause injustice to Bishop or to any other party. Furthermore, determination of the remaining issues below does not require our determination of the issues appealed. Therefore, the interest in avoiding trial delays caused by piecemeal appeals outweighs any risk of injustice to the parties in this case.

The appeal is dismissed.

Costs to the respondent. No attorney fees awarded.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.