730 P.2d 947

**MILBANK MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**CARRIER CORPORATION, Defendant-Respondent.**

**and**

**Barlow's Inc.; City of Chubbuck, a political subdivision; and Bannock County, a political subdivision, Defendants.**

No. 16311.

Supreme Court of Idaho.

Dec. 11, 1986.

Gary L. Cooper (argued), Racine, Olson, Nye, Cooper & Budge, Pocatello, Mark J. Feinberg and David S. Evinger, Robins, Zelle, Larson and Kaplan, Minneapolis, Minn., for plaintiff-appellant.

Stephen S. Dunn (argued), Merrill & Merrill, Pocatello, for defendant-respondent.

PER CURIAM.

Holding for Milbank on the second issue only, the order certifying the summary judgment as final is vacated.

Milbank's action sought to recover from Carrier and the other defendant Barlow's, a substantial amount of money which Milbank had to pay to one of its insureds whose home and contents were totally destroyed by fire. The claim against Carrier was based on the contention that the cause of the fire was a faulty heat pump manufactured by Carrier. The heat pump was sold and installed by Barlow's, Inc., and

Milbank's claim against it is based on strict liability, breach of warranty, and negligence. The complaint was filed in June of 1980; Carrier answered in October of the same year; Barlow's had answered a month earlier.

The summary judgment was not sought until the 18th day of September, 1985, and entered on November 22, 1985. In the interim, from the filing of the complaint, extensive discovery was had, largely at the instance of Milbank.[1] As mentioned *infra*, as late as the date of the hearing, Barlow's was still in the discovery process. Experts in the field had access to what was left of the heat pump, the inside of the house controls, and the connecting wire service.

The ruling on the motion was by memorandum decision and order wherein the trial court stated:

> The main thrust of defendant, Carrier's Motion relates to the cause of the fire in the Freeman residence, which plaintiff Milbank Mutual, insured. Plaintiff Milbank candidly admitted that the cause of the fire was an improper gauge wire installed by defendant, Barlow's, Inc., between the "inside and outside" elements of the Carrier heat pump. It appears that this wire, though apparently carrying high voltage (220 volts) was of a gauge of 12 or 14 but should have been a minimum of 8 gauge, i.e., heavier gauge wire. Plaintiff, however, contends that defendant, Carrier, contributed to the fire, basing this upon statements made by its expert, Dr. Anderson, that there was a *possibility* that 1 or 2 connections within the Carrier unit contributed to the difficulty. R., p. 63.

Three days after granting the summary judgment, the court entered the Rule 54(b) certificate which precipitated the appeal, notwithstanding Milbank's contention that there was other evidence in the record which supported an inference of fault on Carrier's part, and, if not, depositions yet being taken *might* very well supply the deficiency. Strong reliance was place upon *Christensen v. Potratz*, 100 Idaho 352, 597 P.2d 595 (1979), where this Court stated:

> Here we see no hardship, injustice, or compelling reason why the summary judgment here should be final, until such time as the entire case is determined.
>
> ... [I]n the course of proceeding against the other named defendants, the other probable explanations of the cause of the explosion may be satisfactorily dispelled and an inference of negligence on the part of the respondent may once again be focused on his direction; in which case the trial court should not be bound, by an earlier final order, from entertaining an application to set aside the dismissal, or otherwise to alter, amend, rescind or change the summary judgment at any time before the entry of judgment adjudicating all claims between the parties. *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976). The certification of the summary judgment as a final order was therefore improvident and constituted an abuse of discretion by the trial court. Such being the case, the finality of the order must be set aside, rendering the order of summary judgment not appealable. *Pichon v. L.J. Broekemeier, Inc., supra* [99 Idaho 598, 586 P.2d 1042]. The appeal is dismissed. *Id.* at 357, 597 P.2d at 600.

The main premise urged by Milbank, under the teaching of the *Christensen* case and *Pichon v. Broekemeier*, 99 Idaho 598, 586 P.2d 1092 (1978), is that the record does not establish any hardship, injustice, or other compelling reason for issuance of the 54(b) certification, and the summary judgment in favor of Carrier should have not been made final for all purposes until the entire case was determined, citing also the more recent case of *Smith v. Whittier*, 107

---

1. Milbank took depositions of Gordon Hudson, Robert Barlow, Harlan Schulz, Donald Neal, Marsha Losser, Bill Barlow, Claude Watson, Robert Neal, and Eugene Pickens, totaling 435 pages. Barlow's took depositions of Ordean Anderson and John Primrose, totaling 316 pages. As readily noted, after six years of investigation and extensive and expensive discovery, it is rather apparent that Carrier moved comparatively precipitately in asking the court to immediately certify the judgment under the unusual circumstances here presented.

Idaho 1106, 1108, 695 P.2d 1245, 1247 (1985).

At oral argument on the motion for summary judgment in the trial court, no hardship or injustice was demonstrated by Carrier. It urged only that "there is simply no reason to wait for six or eight or ten or whatever, how many months it's going to be before Dr. Blotter and Mr. McGrath's [Attorney for Defendant Barlow's] other expert come up with their opinion to keep Carrier in this case." Tr., p. 29. Mention was later made at the argument by counsel for Carrier:

This case has been going on for four or five years now, and heaven only knows when the trial is going to be held, when the discovery is ultimately completed and a a trial is going to be held. And Carrier would be sitting out there in limbo waiting for all of this thing to happen, not being able to collect its costs, not being able to proceed or do anything until the trial between the plaintiff and the other defendant is completed. And that seems inappropriate and prejudicial to my client, and so we feel that a certificate in this case is properly granted and would ask the Court to sustain that.[2] Tr., p. 39.

We do not disagree with the district court that summary judgment appeared to be proper based on the record extant at the time the motion was argued; however, we cannot agree that that judgment should have been made final by certification pursuant to I.R.C.P. 54(b). Further investigation by Dr. Anderson, Dr. Blotter, and Barlow's experts may raise an inference of fault on the part of Carrier. So, too, might further examination of the numerous depositions involved in this case, a number of which were filed only days before the motion for summary judgment was argued and the district court issued its decision.[3] In such a case the district court might determine to modify its ruling which granted summary judgment to Carrier.

Piecemeal appeals are disfavored. Carrier demonstrated no hardship or injustice resulting from delaying entry of final judgment. The delay itself cannot constitute a hardship for purposes of Rule 54(b), since the rule contemplates such delay absent a showing of "no just reason for delay" in order to fairly adjudicate liability and avoid piecemeal appeals. As we held in *Christensen, Pichon,* and recently in *Bishop v. Capital Financial Services,* 109 Idaho 866, 868, 712 P.2d 567, 569 (1985), and *Smith v. Whittier,* 107 Idaho 1106, 1108, 695 P.2d 1245, 1257 (1985), under these circumstances, the granting of a motion pursuant to Rule 54(b) is an abuse of discretion.

Accordingly, we vacate the Rule 54(b) certification, but we see no reason to interfere with entry of the summary judgment or with the award of costs to Carrier, because no execution can issue thereon until such time as the judgment is final—should that be the end result. *Smith, supra,* 107 Idaho at 1108, 695 P.2d at 1247.

The order for summary judgment is left intact, but the certification of the judgment as final pursuant to Rule 54(b) is vacated, and the cause remanded. Costs of this appeal to appellant.

---

2. The payment of costs which Carrier would not collect until the entire law suit was disposed of was not of a significant amount. Nor did Carrier specify how a delayed payment would cause it any undue hardship.

3. The motion was argued on November 18, 1985, and the district court issued is decision on November 22, 1985. The following depositions, taken by Milbank, were filed on November 15, 1985: Claude Watson, Robert Neal, and Eugene Pickens. The following depositions, taken by Barlow's, were filed on November 13 and 15, respectively: Ordean Anderson and John Primrose.