800 P.2d 678

**George L. ROBERTSON and Leah Robertson, husband and wife, Plaintiffs–Appellants,**

v.

**James L. RICHARDS, Defendant–Respondent.**

No. 18358.

Court of Appeals of Idaho.

Sept. 25, 1990.

Petition for Review Denied Nov. 28, 1990.

Dalon Esplin, Blackfoot, for plaintiffs-appellants.

Jeremiah A. Quane (argued), Quane, Smith, Howard & Hull, Boise, for defendant-respondent.

Before WALTERS, C.J., SWANSTROM, J. and SCHILLING, J. Pro Tem.

PER CURIAM.

This appeal involves a request for attorney fees under I.C. § 12–121. We are asked to decide whether, when attorney misconduct results in a grant of a new trial, the party obtaining the new trial should be allowed attorney fees and costs incurred during the first trial without waiting for a new trial to determine who ultimately prevails. The district court declined to award costs and fees but—at plaintiffs' request—issued a certificate of finality under I.R.C.P. 54(b) so that the order could be appealed. We hold that the certificate was improvidently granted and we dismiss the appeal.

The relevant facts are as follows. George and Leah Robertson brought a medical malpractice action against Dr. James Richards for the treatment provided to Leah Robertson after she was injured in a car accident. A jury trial was held, resulting in a verdict for Dr. Richards. The Robertsons filed motions for judgment notwithstanding the verdict or for a new trial, which were denied by the district court. The Robertsons appealed, and our Supreme Court ultimately held that the motion for a new trial should have been granted due to attorney misconduct and remanded the case for a new trial. *See Robertson v. Richards*, 115 Idaho 628, 769 P.2d 505 (1989) (on rehearing reported in 115 Idaho beginning at 651, 769 P.2d at 528). By separate order the Supreme Court also remanded the issue of costs and attorney fees during the first trial to the district court for determination.

Before proceeding to a new trial, the Robertsons filed a claim in district court seeking costs and attorney fees for the first trial, contending that they were prevailing parties entitled to attorney fees under I.C. § 12–121 because, while they lost in the first trial, they prevailed in obtaining a new trial. The district court determined that the Robertsons were not the prevailing parties, as required for an award of costs or attorney fees. In addition, the district court found that Dr. Richards had not defended the case unreasonably, there-

by precluding an award of attorney fees under I.C. § 12–121. The Robertsons then obtained a Rule 54(b) certificate of finality on the court's order and filed this appeal. We decline to address the merits of this appeal.

As noted by the district court, neither the plaintiffs nor the defendant have yet prevailed on the merits of the case to the point of the entry of a final judgment. I.R.C.P. 54(d)(1)(B). To date, the plaintiffs have been successful only to the extent that they will be afforded an opportunity to prove· their claims at another trial. If they prevail at that trial, then recovery of their costs and attorney fees incurred for the first trial can be considered by the district court; if they do not prevail, then it is questionable whether they should recover those items at all.

 In the meantime, the case is on hold while this appeal is being pursued. The only thing that has been achieved on the appeal is our approval of the district court's determination that the question of recovery of costs and attorney fees for the first trial is essentially premature. Under these circumstances, we hold that the certification by the district court under I.R.C.P. 54(b) for appellate review of its ruling was an abuse of the court's discretion.

In *Pichon v. L.J. Broekemeier, Inc.*, 99 Idaho 598, 586 P.2d 1042 (1978), the Idaho Supreme Court adopted as a standard applicable to Rule 54(b) that

> 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which the Rule confers upon the trial judge should be used only "in the infrequent harsh case" as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in light of the public policy indicated by statute and rule.

99 Idaho at 602, 586 P.2d at 1046 (quoting *Panichella v. Pennsylvania R.R.*, 252 F.2d 452, 455 (3rd Cir.1958)). This standard has been followed in *Toney v. Coeur d'Alene School Dist. No. 271*, 117 Idaho 785, 792 P.2d 350 (1990) (appeal dismissed); *Bishop v. Capital Financial Services*, 109 Idaho 866, 712 P.2d 567 (1985) (appeal dismissed); *Smith v. Whittier*, 107 Idaho 1106, 695 P.2d 1245 (1985) (appeal dismissed); *Christensen v. Potratz*, 100 Idaho 352, 597 P.2d 595 (1979) (appeal dismissed).

As these cases illustrate, except where an injustice would result from denial of an immediate appeal, Rule 54(b) was not intended to abrogate the general rule against piecemeal appeals. We see no hardship, injustice or compelling reasons why the denial of this motion should have become a final order. Consequently, we hold that the certification of the order as a final order was improvident and was an abuse of the district court's discretion. Accordingly, we dismiss this appeal and remand the case for further proceedings.

Costs to respondent; no attorney fees allowed on appeal.