816 P.2d 1009

**Alfred J. BOWEN and Cheryl A. Bowen, husband and wife, Plaintiffs–Respondents,**

v.

**David J. HETH, Defendant–Appellant.**

No. 18326.

Court of Appeals of Idaho.

Aug. 2, 1991.

Petition for Review Denied Oct. 3, 1991.

Frederick G. Loats, Coeur d'Alene, for defendant-appellant.

Lukins & Annis, Coeur d'Alene, for plaintiffs-respondents. Edward M. Kok, argued.

WINMILL, Judge, Pro Tem.

This is an appeal from a certified, partial summary judgment ordering the release of funds held in escrow. For reasons explained below, we affirm.

Alfred Bowen and Cheryl Bowen own real property located in Coeur d'Alene, adjacent to the Spokane River, and commonly known as the Harbor Center. In early 1987, David Heth made inquiries about purchasing the property, but determined that before making an offer he would require time to further investigate the property

and its development potential. Concerned that the property might be sold to a third party after he had expended considerable time and money in his investigation, Heth persuaded the Bowens to enter into an escrow agreement which would protect him from such an eventuality.

The agreement required that Heth immediately commence an investigation of the property and that the Bowens cooperate with that investigation. The agreement also provided that the Bowens would, upon execution of the agreement, deposit $22,500 in an escrow account. The agreement detailed the disposition of the escrowed funds. In the event Heth failed to make an offer within ninety days or made an offer within that time frame which was later consummated, the escrow would be closed and the funds returned to the Bowens. On the other hand, if an offer was made by a third party during the same ninety-day period which resulted in a sale of the property, or Heth made a reasonable offer which was rejected by the Bowens, then the funds would be disbursed to Heth. The agreement also provided that any dispute between the parties as to whether Heth's offer was "reasonable" would be resolved by arbitration.

Heth did not make an offer within ninety days. The Bowens then filed this action to obtain an order directing the escrow agent to disburse the funds to the Bowens. Heth filed a counterclaim, alleging that the Bowens failed to supply him with information necessary to value the property, and thereby breached the provision of the agreement which required that the Bowens cooperate with Heth in his investigation of the property. The counterclaim requested that judgment be entered against the Bowens for $22,500.

The Bowens moved for partial summary judgment on their claim for the return of the funds. Following a hearing, the motion was granted and the escrow agent was directed to close the escrow and return the funds to the Bowens. Heth then filed an objection to the court's order, requesting a modification of the language used by the court or a certification of the order for immediate appeal pursuant to I.R.C.P. 54(b). The court granted the latter request and a Rule 54(b) certification was attached to the partial summary judgment. This appeal followed.

Heth raises two issues on appeal. First, he contends that the district court erred in granting partial summary judgment in the face of his contention that the Bowens had violated an express provision of the contract. Second, Heth argues that the district court erred in failing to initially attach a Rule 54(b) certificate to the order granting partial summary judgment. For the reasons stated below, we find no merit in either contention and affirm the decision of the district court.

On review of an order granting summary judgment, our task is to determine whether there are genuine issues of material fact and, if not, whether the prevailing party was entitled to judgment as a matter of law. I.R.C.P. 56(c); *Lupis v. Peoples Mortgage Co.*, 107 Idaho 489, 690 P.2d 944 (Ct.App.1984). In this case, the facts crucial to the district court's decision were undisputed. The agreement provided that the funds would be returned to the Bowens if Heth failed to make an offer for the property within ninety days. It was undisputed that Heth failed to make such an offer. Thus, the court determined that, as a matter of law, the Bowens were entitled to a return of the funds.

Heth contends, however, that the Bowens were not entitled to the funds because they allegedly breached an express provision of the agreement by failing to provide him with information necessary for his investigation. Nothing in the express language of the agreement supports Heth's argument. While the agreement did require that the Bowens cooperate in the investigation, compliance with that requirement was not stated as a condition of the return of the funds. Rather, the agreement was clear and specific that on the ninety-first day after the agreement was executed, the funds would be returned to the Bowens if Heth had not made an offer on the property. The agreement imposed no other condition for the return of the

funds. Absent fraud or overreaching, which has not been alleged here, the courts cannot modify the express terms of an agreement upon which competent parties have agreed. *Lupis v. Peoples Mortgage Co., supra; Knoke v. Charlebois,* 107 Idaho 427, 690 P.2d 362 (Ct.App.1984). *See also Abel v. School District No. 413,* 108 Idaho 982, 703 P.2d 1357 (Ct.App.1985).

Heth argues that even if the agreement does not expressly so provide, it is a necessary implication of the agreement that the Bowens would not be entitled to a return of the funds if they failed to cooperate with Heth's investigation. Relying on our Supreme Court's decision in *Davis v. Professional Business Services, Inc.,* 109 Idaho 810, 712 P.2d 511 (1985), Heth suggests that such a proviso can be read into the contract as part of an implied covenant of good faith and fair dealing. While the Supreme Court in *Davis* recognized that a contract should be construed to include such implied provisions as are necessary to effectuate the intention of the parties, the Court also suggested that such terms may only be implied where the contract is silent on the issue in question. *Id.* at 813–14, 712 P.2d at 514–15. Here, the agreement is explicit in stating that the funds must be returned to the Bowens if Heth failed to make an offer on the property within the agreed-upon time frame. No other conditions were imposed. The Court cannot accept Heth's invitation to read additional conditions into the agreement by implication, because to do so would contradict the parties' clearly stated intent.

In summary, we conclude that the parties' agreement did not expressly condition the return of the funds upon the Bowens' cooperation with Heth's investigation of the property. Nor can such a condition be implied as necessary to effectuate the intent of the parties. Heth is still able to pursue his counterclaim against the Bowens for breach of contract. However, he is not entitled to prevent the close of the escrow and the return of the funds while that claim is resolved in further court proceedings.

■ Heth also contends that the district court erred in permitting disbursement of the funds without issuing a Rule 54(b) certificate so as to provide Heth with a means to appeal or stay the court's order. However, decisions concerning Rule 54(b) certification are committed to the sound discretion of the district court and will not be reversed on appeal unless the court's decision amounts to an abuse of discretion. *Robertson v. Richards,* 118 Idaho 791, 800 P.2d 678 (Ct.App.1990); *Snake River Equipment Co. v. Christensen,* 107 Idaho 541, 691 P.2d 787 (Ct.App.1984). Such orders are not to be entered routinely, and certification should be granted only upon a showing of hardship, injustice or other compelling reasons. *Pichon v. L.J. Broekemeier, Inc.,* 99 Idaho 598, 586 P.2d 1042 (1978); *Robertson v. Richards, supra.* Here a Rule 54(b) certificate was issued, but not until after a request for certification was made by Heth and Heth's motion was heard by the court. We cannot fault the district court for declining to issue a Rule 54(b) certificate until a request and an appropriate showing of necessity was made. Accordingly, we find no error by the district court on this issue.

■ The Bowens have prevailed on each of the issues raised by the appellant Heth in this appeal and they are entitled to costs. The Bowens have requested that they be awarded their attorney fees on appeal under I.C. § 12–120. The subject matter of this lawsuit falls under the definition of a "commercial transaction" as defined by I.C. § 12–120(3) and as shown by the contract between the parties. This action was brought upon the contract to enforce one party's rights under the contract. Accordingly, the statute mandates that "the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." I.C. § 12–120(3); I.A.R. 40, 41.

We recognize that the appeal came to us upon a partial summary judgment, certified by the trial court to be final for the purposes of appeal. The issues of the defendant's counterclaim have yet to be decided and the Bowens may not ultimately be the

prevailing party in the case. Nevertheless, Heth chose to seek appellate review on limited issues before the case was fully decided. The Bowens were entitled to respond and their position has been fully upheld on the limited issues presented by the appeal. Accordingly, we hold they are entitled to an award of fees for this appeal even though Heth may ultimately be found to be the prevailing party after trial on his counterclaim.

In summary, we affirm the partial summary judgment ordering disbursement of the escrowed funds to the Bowens. Costs and fees to the respondents, as stated above.

WALTERS, C.J., and SWANSTROM, J., concur.